UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ALBERTO FERREIRA,

                Plaintiff,

    -against-

THE CITY OF NEW YORK and DETECTIVE
GREGORY AROCHO, and POLICE OFFICER
JOHN DOE, Individually and in
their Official Capacities,

                Defendants.
---------------------------------------------------------x

**COMPLAINT AND DEMAND FOR JURY TRIAL**

11 CIV 7453

JUDGE CROTTY

Plaintiff, ALBERTO FERREIRA, by and through his attorneys, **Fisher, Byrialsen & Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and DETECTIVE GREGORY AROCHO and POLICE OFFICER JOHN DOE, as Officers of the New York City Police Department, acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the City of New York on or about January 14, 2011, within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

7. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

8. At all times relevant hereto Plaintiff was and is a resident of Bronx, New York.

9. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

10. At all times relevant to this action, Defendants and DETECTIVE GREGORY AROCHO and Police Officer John Doe, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, the Defendants Detective Arocho and Officer John Doe were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

12. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD. They are being sued both in their individual and official capacities.

## FACTS

13. On November 14, 2010 at about 12:15 a.m., Plaintiff ALBERTO FERREIRA, a Hispanic male, visited his uncle, Manuel Ferreira's home located at 535 W. 163rd Street, apt 24, New York, NY.

14. Plaintiff stayed at his uncle's apartment for about two hours until he left the building to attend a house party located on 163rd street and Amsterdam Avenue, New York, NY.

15. Plaintiff attended the house party with his cousin, Elvis Ferreira, and another friend.

16. Plaintiff, his cousin and friend remained at the party located at 163rd Street and Amsterdam Avenue until approximately 2:30 a.m. on November 14, 2010.

17. After they left the party, plaintiff's friend drove plaintiff to his home, which is located in the Bronx, NY.

18. After arriving home, plaintiff went to sleep for the night.

19. On November 14, 2010 at approximately 12:00 p.m. plaintiff's mother woke him up and told him that a police officer at the 33rd precinct requested that plaintiff call him because his wallet had been found at 535 W. 163rd Street.

20. Plaintiff had not realized his wallet was missing, so he searched through his belongings, and discovered that he did not have his wallet.

21. Plaintiff then left his house to retrieve his wallet from the 33rd precinct.

22. When plaintiff arrived at the subway station at Kingsbridge Road and Jerome Avenue, he received a phone call from Detective Arocho, who instructed plaintiff to wait for him at the subway stop so that he could drive plaintiff to the 33rd precinct.

23. When Detective Arocho arrived at Kingsbridge Road and Jerome Avenue, he first patted down plaintiff and then transported him to the 33rd precinct.

24. Detective Arocho brought plaintiff to the interrogation room at the 33rd precinct.

25. Plaintiff informed the officer that he visited his uncle's apartment at 535 W. 163rd Street, apt 24 at approximately 12:15 a.m. and that he left the building with his cousin and other friends 20 minutes after arriving and then went to a party located in a different building on 163rd Street and Amsterdam Avenue, New York, NY, where he remained until about 2:00 a.m., and that after he left that party, he was driven to his home in the Bronx, NY, where he remained until he left to meet Detective Arocho.

26. Detective Arocho informed plaintiff that his wallet was found on the fire escape at 535 W. 163rd Street and that there was an attempted burglary reported at approximately 6:00 a.m. at an apartment on the 5th Floor of 535 W. 163rd Street.

27. Detective Arocho returned plaintiff's wallet to him and told him that he could leave the precinct.

28. On November 16, 2010 at approximately 2:00 p.m. Detective Arocho called plaintiff and asked him to come back to the 33rd precinct.

29. When plaintiff arrived at the 33rd precinct at approximately 2:30 p.m., Detective Arocho brought him to the same interrogation room where they had spoken on November 14, 2010.

30. Detective Arocho proceeded to empty plaintiff's wallet and physically searched his person.

31. Detective Arocho then took out a copy of plaintiff's rap sheet and told him that he knew he had previously served time for burglary.

32. Plsintiff informed Detective Arocho that eight years ago he did plead guilty to burglary charges.

33. Detective Arocho then threatened to lock plaintiff up for the attempted burglary reported at 535 W. 163rd Street on November 14, 2010 at 6:00 a.m.

34. Plaintiff reiterated to the detective that he did not commit any crime on November 14, 2010 and at the time of the alleged burglary he was already sleeping at his home in the Bronx, NY.

35. Plaintiff also wrote a statement confirming the details that he had explained to the detective on November 14, 2010.

36. Detective Arocho left plaintiff in the interrogation room until approximately 6:15 p.m. that evening.

37. Detective Arocho also interviewed plaintiff's cousin, Elvis, who was with Plaintiff during the early morning hours of November 14, 2010.

38. Plaintiff's cousin corroborated all the details plaintiff had told Detective Arocho regarding the events of November 14, 2010.

39. At approximately 6:15 p.m. Detective Arocho locked plaintiff in a holding cell at the 33rd precinct.

40. Plaintiff remained in the holding cell at the 33rd precinct until approximately 11:00 p.m.

41. Plaintiff was then transported to another precinct where he remained until approximately 5:00 a.m., when he was transported to Manhattan Central Booking.

42. On November 17, 2010 at approximately 5:00 p.m., plaintiff appeared before a judge and was charged with Attempted Burglary in the Second Degree in violation of N.Y. P. L. § 110/140.25(2).

43. Bail was set in the amount of $20,000 bond or $7,500 cash.

44. Plaintiff was not able to post bail.

45. Plaintiff was transported to Manhattan Detention Center.

46. Plaintiff remained at Manhattan Detention Center until November 22, 2010, when he was transported to the court house to testify before the grand jury.

47. On November 22, 2010 plaintiff testified before the grand jury.

48. On November 22, 2010 at approximately 6:00 p.m. plaintiff appeared before Judge Boyar who informed him that the Grand Jury had voted No True Bill and that the case against him was dismissed and sealed.

49. Plaintiff was released from custody on November 22, 2010 at approximately 6:00 p.m., after being held for approximately six days.

50. The following day, November 23, 2010 when plaintiff returned to work, he was informed that he was fired because he was not at work from November 16, 2010 until November 22, 2010.

51. On January 14, 2011, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff was served upon NYC.

52. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

53. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

56. All of the aforementioned acts deprived PLAINTIFF of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

60. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST

61. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

62. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

63. As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

64. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

65. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66. As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

67. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION

68. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

69. By the actions described above the defendants THE CITY OF NEW YORK, DETECTIVE AROCHO and POLICE OFFICER JOHN DOE maliciously and without probable cause, prosecuted the Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and constitution of the State of New York.

70. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF:
## FAILURE TO INVESTIGATE

71. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72. All of the aforementioned acts of Defendants THE CITY OF NEW YORK, DETECTIVE AROCHO and POLICE OFFICER JOHN DOE, their agents, servants, and employees constituted a complete failure to investigate when the Defendant Police Officers disregarded plainly exculpatory evidence that conclusively established the Plaintiff's innocence including videotaped surveillance of the alleged crime, plaintiff's explanation of his alibi and witness' corroboration of plaintiff's alibi, which all corroborated Plaintiff's version of the events.

73. In the absence of any exigent circumstances, and where there existed specific, readily-verifiable, easily available and exculpatory evidence, the Defendant Police Officers' complete failure to investigate fell far short of a complete investigation where the law enforcement officers would not have been unduly hampered if they had waited to obtain more facts before seeking to arrest the Plaintiff, and where a minimal further investigation would have exonerated the Plaintiff.

74. As a result of the foregoing, Plaintiff was deprived of his liberty, endured great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

75. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

76. The acts complained of herein were carried out by the Defendant Detective Arocho and Officer John Doe in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

77. Prior to November 16, 2010, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in NYC, which caused the violation of plaintiff's rights.

78. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

79. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by people in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to people's constitutional rights.

80. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff Alberto Ferreira.

81. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

83. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

85. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

86. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

87. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

  a. Not to be deprived of liberty without due process of law;

  b. To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

  c. To be protected against violations of his civil and constitutional rights;

  d. Not to have cruel and unusual punishment imposed upon his; and

  e. To receive equal protection under the law.

### SIXTH CLAIM FOR RELIEF:
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### UNDER 42 U.S.C. § 1983, 1985, 1986

88. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

89. All the defendants, acting with each other individually and on behalf of and under the auspices and control of the City, and under color of law, conspired to injure plaintiff in his person and property and deprive plaintiff of his First, Fourth, Fifth and Fourteenth Amendment rights. The defendants jointly caused such deprivation of rights by acting in concert to

disseminate false information concerning the plaintiff and by disseminating false information that lacked any reasonable basis or probable cause to support it that the plaintiff committed a crime, and/or to charge him with a crime, and/or to arrest him.

90. The defendants further deprived the plaintiff of his due process rights specifically by conspiring to and assisting in the arrest of the plaintiff without probable cause and participating in the prosecution of plaintiff; by denying the plaintiff his First, Fourth, Fifth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiff of his liberty and taking his property without due process and compensation; conspiring together to cover up the misconduct they committed; and preventing the plaintiff from being compensated for his wrongful arrest, for the loss of his constitutional rights, the loss of his job and for the emotional harm he suffered.

91. The aforesaid actions by the defendant police officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

92. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

93. The defendants knew or should have known that the misconduct and false and fabricated accusations and/or charges against plaintiff were violative of his First, Fourth, Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

94. Said defendants had the power to prevent the continued due process violations against the plaintiff, yet had failed to prevent the dissemination of false information and/or to dismiss the fabricated accusations and charges against plaintiff, and/or to protect the plaintiff from the unwarranted and potential harm and penalties of said charges.

95. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive plaintiff of his federal civil and constitutional rights, in violation of 42 U.S.C. § 1985.

96. All of the aforementioned acts of Defendants constituted a violation of Plaintiff's civil rights provided to him under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:  New York, New York
        October 19, 2011

                                    Respectfully submitted,

                                    _____
                                    Alissa Boshnack, Esq. (AB0977)
                                    FISHER, BYRIALSEN & KREIZER PLLC
                                    *Attorney for Plaintiff*
                                    291 Broadway, Suite 709
                                    New York, New York 10007
                                    (212) 962-0848